THE R. & R. HANDKERCHIEF COMPANY, Appellant, v. BERTHA DIX, Doing Business under the Firm Name and Style of DIX & Co., Respondent.

First Department, January 16, 1920.

**Contract to manufacture and deliver boxes — evidence establishing breach — measure of damages.**

In an action to recover damages for the defendant's failure to deliver certain boxes which she had agreed to manufacture and deliver to the plaintiff, evidence *held* to establish that the defendant waived the provision in the contract as to monthly deliveries and agreed to make full delivery irrespective of the expiration of the contract term, and that, therefore, the plaintiff is entitled to recover for defendant's later refusal to perform.

The measure of damages for the failure to make delivery was the difference between the contract price and the market value on or about the date of the refusal by the defendant to perform.

APPEAL by the plaintiff, The R. & R. Handkerchief Company, from a judgment and determination of the Appellate Term of the Supreme Court entered in the office of the clerk of the county of New York, reversing a judgment of the Municipal Court, City of New York, Borough of Manhattan, in favor of the plaintiff.

*Milton Mayer* of counsel [*Goodman Block* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Lewis Nadel* of counsel [*Joseph Kleiner* with him on the brief; *Kleiner & Kleiner*, attorneys], for the respondent.

PHILBIN, J.:

Appeal from a determination of the Appellate Term reversing a judgment of the Municipal Court, without a jury, in favor of plaintiff.

The action was brought to recover damages in the sum of $856.28 for defendant's failure to deliver certain boxes which she agreed to manufacture and deliver to plaintiff. The plaintiff sent defendant an order in writing dated January 19, 1918, which was accepted by a letter of the same date as follows:

" We hereby accept your written order for 175,000 boxes

10x10x⅜, packed 12 to a nest, at $25.00 per M., and 50,000 boxes 9x9x⅜ at $23.50 per M., terms 2% 10 days E. O. M. Monthly settlements required. The above boxes are to be same as samples submitted, and O.K.'d by you. All boxes to be taken in by Sept. 1, 1918. Picture tops for the above boxes are to be furnished by you. Deliveries to be taken in about 30,000 to 40,000 per month."

The defendant delivered only 94,276 of the first size mentioned in the acceptance and 34,734 of the second size, leaving undelivered 80,724 and 15,266 of the respective sizes.

On March 7, 1918, plaintiff wrote defendant not to send any more boxes until further notice as plaintiff was then " stacked up " with boxes. Deliveries were, however, soon resumed. The parties adopted a practice of delivery whereby the plaintiff telephoned to defendant's foreman informing him of the number of boxes needed and defendant made delivery at plaintiff's place of business, the cost of delivery being included in the price quoted. Defendant from time to time also sent to plaintiff's place for the picture tops needed for the boxes and referred to in the above agreement. There were delivered in March 31,220 boxes, in April 33,868 and in May 29,662, a total of 94,750 boxes for the three months. Up to this time, therefore, the contract was being carried out substantially according to its terms, for the monthly average of delivery was approximately 30,000 boxes.

It is fairly clear what happened in June and July. The testimony for the plaintiff was given by its foreman, Jack Hassenberg, to the effect that about every ten days he would telephone to defendant's foreman and " give him certain numbers and amounts " and ask him to rush the delivery; that the foreman promised to do so. It does not appear elsewhere in plaintiff's evidence what those numbers and amounts were. Defendant's foreman, Samuel Savet, testified that Hassenberg telephoned and told him that plaintiff had not " looked forward " and asked Savet to make up from time to time as many boxes as plaintiff requested. Savet replied, " We won't be responsible for anything, I will just make them as you call them." Giving the plaintiff the benefit of the most favorable inference to which it is entitled under the finding of the trial court in its favor, the remark of Savet may be interpreted as

meaning that the defendant would not hold itself ready, or responsible, for delivery of any particular quantity at any particular time, but would await a request from the plaintiff before making up any boxes. Pursuant to this policy, some deliveries were made in June and some also in July.

About August fifteenth and on nearly every day thereafter in that month plaintiff made request for delivery of the entire balance of its order. Pursuant thereto, certain deliveries were made, bringing the total deliveries under the contract up to 129,010 boxes.

The record also contains evidence showing that the defendant's foreman, who had general charge of delivery of the goods, when asked late in August to rush delivery, promised to do so and also to send his driver to plaintiff's place, as was the custom, in order to obtain the necessary balance of picture tops. The request was made by plaintiff on August twenty-sixth and delivery of the picture tops made to defendant's driver on September twenty-fourth.

The evidence sufficiently establishes that defendant waived the provision of the contract as to monthly deliveries of from 30,000 to 40,000 boxes and agreed to make full delivery irrespective of the expiration of the contract term on September first. That being the case, plaintiff is entitled to recover for defendant's later refusal to perform.

The measure of damage was the difference between the contract price and the market value on or about September twenty-sixth. The evidence amply sustains the assessment by the trial court in the amount of $856.28 as prayed for in the complaint.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court reinstated, with costs to appellant in all courts.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Determination reversed and judgment of Municipal Court affirmed, with costs to appellant in all courts.